## BEARDSLEY v. STEPHENS et al.

No. 18119. Opinion Filed March 30, 1928.

Rehearing Denied Jan. 8, 1929.

Wilson, Muphey & Duncan and Thurman S. Hurst, for plaintiff in error.

Hamilton, Gross & Howard, for defendants in error.

· FOSTER, C. This is an action in which E. H. Ryan brings a foreclosure suit on a mortgage covering 80 acres of land orig-

inally executed by Harry D. Joll. Joll transferred the land by deed to C. W. Stephens, who bought the land subject to the mortgage without assuming or agreeing to pay the same. C. W. Stephens sold the land to Dan Beardsley subject to the mortgage, but with a clause in the deed that the grantee, Dan Beardsley "assumes payment of and agrees to satisfy" the mortgage with interest at maturity.

In the original petition, which was filed in said cause, Ryan only asked for a personal judgment against Joll, alleging that Beardsley and Stephens claimed some right, title and interest in and to the land. Beardsley filed a disclaimer, and a judgment was granted against Joll by default for the full amount due and a foreclosure of the mortgage. After three terms of court had expired and an execution had been issued for the sale of the land, the same, however, being returned without a sale being had, Ryan asked permission, which was granted, to amend his petition seeking a personal judgment against Beardsley on the assumption clause in his deed.

According to the testimony, Beardsley and one Kelly were conducting an automobile business in Pawhuska, as partners, under the name of Kelly Motor Company. Kelly, as manager of the partnership, entered into negotiations with C. W. Stephens, by the terms of which he traded him certain automobiles for the land in question and gave him as an additional consideration for the land $250 in cash, the check being written on the personal account of Dan Beardsley and signed by Kelly. The deed was taken in the name of Dan Beardsley, with the assumption clause as above set out. While Beardsley accepted the deed, either himself personally, or by his agent, and placed it on record, there is no testimony in the record that he ever agreed to assume payment of the mortgage except from the wording of the assumption clause itself.

A personal judgment was granted against Beardsley for the amount of the mortgage, from which he appeals, making all other parties defendants in error. Ryan will be referred to as plaintiff, and Beardsley as defendant.

While there are several propositions presented for reversal of this case, we believe it may be properly decided under the sixth proposition, as set out in the brief of defendants, which is. in substance. as follows: C. W. Stephens. the immediate grantor of Beardsley, not having assumed the mortgage in his deed from Harry D. Joll, the defendant, Beardsley, is not liable upon the assumption clause in his deed, as there is no consideration for said assumption.

It is well settled that where a purchaser buys land which is incumbered by a mortgage and assumes payment of such mortgage,. he becomes, as to the vendor, the principal debtor, and the vendee becomes only secondarily liable. Winans v. Hare, 46 Okla. 741, 148 Pac. 1052; Scott v. Norris, 62 Okla. 292, 162 Pac. 1085.

The mortgagee need not look to the subsequent vendees unless he so elects. He need surrender no rights against the vendor unless he so elects. The mortgagee is entitled to proceed upon the nonpayment against the maker of the note by action at law, or he may proceed directly against the mortgaged property, and his right cannot be affected by sale of the property to third persons, who assume the mortgage debt, of which he had no knowledge and to which he does not consent. Peters v. Lindley, 88 Okla. 32, 211 Pac. 409. Also, note in 21 A. L. R. p. 460.

Where the purchaser of mortgaged property assumes the mortgage as part of the consideration, he becomes the principal debtor and the grantor the surety as between themselves. Scott v. Norris, supra: Winans v. Hare, supra; and Henry. Gdn., v. McBride, 102 Okla. 41, 225 Pac. 906.

It is well settled by the decisions of Oklahoma that there must be a consideration for the assumption of a mortgage debt by the purchaser. Eisenbeis v. Crocker, 99 Okla. 30, 225 Pac. 510; Ross v. Dexter, 93 Okla. 73, 219 Pac. 689.

It is admitted in the case at bar that C. W. Stephens, the immediate grantor of Dan Beardsley, was not liable for this debt.

By the weight of authority, a provision in a deed, whereby the grantee assumes and agrees to pay an existing mortgage, does not create a covenant which runs with the land. although such provision is inserted in connection with the covenants of seizin and against incumbrances. 19 R. C. L. p. 379, sec. 149.

As to whether or not a grantee in a deed. who. by the terms of the deed, agrees and assumes to pay a mortgage against the land, is liable thereon where his immediate grantor was not liable, has never been decided by the Supreme Court of Oklahoma.

The authorities in other jurisdictions are almost evenly divided, and from an examination of many of the decisions in the different states. there appears to be no way of harmonizing the different authorities on this subject.

In those jurisdictions which hold that a

grantee is not liable for an existing mortgage, unless his immediate grantor was also liable, the courts in general base their findings upon the theory that the grantee, who assumes and agrees to pay for a mortgage, becomes the principal debtor and his grantor a surety. And since the grantor is not himself liable, the theory of suretyship and subrogation would not be tenable, as the grantor could not be a surety for the grantee for an indebtedness upon which the grantor was not liable.

The other line of decisions which hold that a grantee, who assumes and agrees to pay a mortgage, is liable to the mortgagee regardless of whether his immediate grantor was liable or not, base their conclusions upon the theory that it is a contract for the benefit of a third party and may be enforced by the mortgagee regardless of the liability of the immediate grantor.

It is first contended by the plaintiff that Oklahoma should adopt the latter rule, for the reason that we have a statute which provides for the making of a contract for the benefit of a third party, the same being section 4988, C. O. S. 1921, which is as follows:

"A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it."

Several of the states have such a statute as the one above, but whether such a statute exists or not, it seems to be practically the universal holding in the United States that parties may contract for the benefit of a third party if the contract expressly shows that it was made for said third party's benefit, regardless of whether or not any consideration passed from either of the contracting parties to the said third party.

From an examination of the authorities, however, the question of whether or not a statute has been adopted similar to the one in Oklahoma, or whether or not the principal of a contract for the benefit of the third party is recognized, does not control in determining which of the theories as above set out is adhered to.

As an example, the states of North Dakota and South Dakota have identically the same statute regarding contracts for the benefit of a third party, and the statute is identical with the one in force in Oklahoma, all three statutes apparently having been adopted from the Dakota territorial statute; yet. North Dakota has adopted the second theory as above set out, while South Dakota has adopted the first theory.

In the case of McDonald v. Finseth, 32 N. D. 400, 155 N. W. 863, L. R. A. 1916D, p. 149, that court, in a very exhaustive opinion, and basing its finding principally upon the statute of North Dakota, holds that a grantee of mortgaged premises, who purchases subject to the mortgage and assumes and agrees to pay it, will be held liable for a deficiency arising from a foreclosure, even though his grantor is not personally liable.

In the case of Fry v. Ausman, 29 S. D. 30, 135 N. W. 708, Ann. Cas. 1914C, p. 842, the Supreme Court of that state holds that, where a grantor by deed, with a clause specifying that the grantee assumes the mortgage, conveys land upon which there is a mortgage debt for which said grantor is not personally liable, the grantee in the absence of other testimony is not liable for a deficiency arising on a foreclosure; such clause and its acceptance being a mere agreement to indemnify the grantor, and not for the benefit of the mortgagee to whom the grantor owes no obligation, unless it appears that said assumption clause was inserted expressly for the benefit of said mortgagee.

The states which hold that the grantee in a deed, who takes subject to a mortgage and assumes and agrees to pay the same, is not liable unless his immediate grantor was also liable, are as follows: New York, Kansas, California, Michigan, Minnesota, New Jersey, South Dakota, North Carolina, and Oregon; and those who hold to the opposite doctrine are North Dakota, Iowa, Nebraska, Illinois, Washington, Colorado, Tennessee, Missouri, Utah, Wisconsin, Pennsylvania, and Ohio.

In arriving at their conclusions, the different states who have adopted either doctrine have, for the most part, not arrived at their conclusions on exactly the same theories, but each have reached, in substance, the theories as hereinabove set out, differing somewhat in their reasoning.

An exhaustive review of many of the cases on both sides of the question will be found in the following reports: 12 A. L. R. pp. 1528-1542; 71 Am. St. Rep. pp. 176-207; 19 R. C. L. pp. 375-376; 41 C. J. p. 747; 22 L. R. A. (N. S.) 492; 39 L. R. A. (N. S.) 150.

The case of Vrooman v. Turner, 69 N. Y. 280, is one of the leading cases holding that the grantee, under the circumstances in this case, is not liable. In that case, the court holds that the grantee should not be liable, either upon the doctrine of indemnity and subrogation, or upon the theory of a contract for the benefit of a third party. It is maintained in that case that this rule is not inconsistent with the doctrine of a

promise for the benefit of a third party; the fundamental reason being that there is no consideration to support the agreement of assumption. To give a third party, who may derive a benefit from the performance of a promise, an action, there must be: First, an intent by the promisee to secure some benefit to the third party, and second, some privity between the two, the promisee and the party to be benefited, and some obligation or duty from the former to the latter which would give him a legal or equitable claim to the benefit of the promise or an equivalent from him personally. This seems to be the theory upon which the New York cases are all based, and they uniformly hold that the grantee under the conditions in this case is not liable. We have examined the authorities and are unable to harmonize them. We believe, however, that the better reasoning is to hold that the grantee is not liable.

The assumption clause in a deed is inserted primarily for the protection of the grantor, and where the debt is a personal obligation of the grantor, it is necessary for his protection that the assumption clause be inserted, and not for the benefit of the mortgagee. Where the grantor is liable and makes a deed in which the grantee assumes and agrees to pay the mortgage, the mortgagee in an action to foreclose may recover a deficiency judgment directly against the grantee. But this right comes from a rule in equity, that the mortgagee is entitled to the benefit of all the collateral securities which his debtor has taken for the mortgage debt.

As above pointed out, Oklahoma has repeatedly held that when a purchaser buys land which is incumbered by a mortgage and assumes payment of such mortgage, he becomes as to the grantor the principal debtor, and the grantor becomes only secondarily liable.

It has also been repeatedly held that, where a grantee buys property subject to a mortgage, which he does not assume and agree to pay, said grantee does not become personally liable for the payment of the mortgage. Bailey v. State, 72 Okla. 203, 179 Pac. 615; Van Eman v. Mosing, 36 Okla. 555, 129 Pac. 2. These cases are based on the theory that, unless it otherwise affirmatively appears, the purchaser is buying only the equity of redemption.

However, the case of Sanderson v. Turner, 73 Okla. 105, 174 Pac. 763, is relied upon by the plaintiff in this case as supporting the doctrine contended for. The holding in that case is to the effect that, where land is sold subject to a mortgage and the amount secured by the mortgage is deducted from the consideration, there is an implied liability on the part of the purchaser, in the absence of an express agreement, to assume the payment of the indebtedness secured by the mortgage.

Under the facts in the above case, it plainly appears that the amount of the mortgage was deducted from the purchase price of the land. The original mortgagor after transferring it by deed, in which his grantee assumed and agreed to pay the mortgage, afterwards repurchased the land, and in the repurchase he did not agree to pay the mortgage. He brought suit against his grantee for the amount of the mortgage, the court finding that he could not recover under these circumstances, and basing its finding upon the proposition that, although he did not agree to pay the mortgage when he repurchased the land, the mortgage was deducted from the consideration, and that he impliedly became liable for the payment of said mortgage. The facts in the case at bar are very different.

We believe that the intention of an assumption clause in a deed is for the purpose of indemnifying the grantor, and that the only theory on which a mortgagee can sue a grantee who assumes the payment of a mortgage, is that said assumption is for the purpose of granting additional security for the debt already existing. If the grantor is not personally liable, the grantee could not be held as principal and the grantor as surety, as has been repeatedly held in Oklahoma. Before a third party should be allowed to adopt an agreement entered into for his benefit, it is incumbent upon said third party to show that it was the intention on the part of the parties to the contract that the third party should be benefited thereby. The mere assumption clause in a deed, having for its purpose the indemnity of the grantor, will not be sufficient to show such an intention, but said third party seeking to take a benefit under said clause assumes the burden of showing that, at the time of entering into the contract, it was intended to be for the benefit of said third party.

We do not believe, under the facts in this case, there is any showing that, at the time of the execution and delivery of the deed, there was any intention on the part of the grantor to make a contract for the benefit of the mortgagee, and surely there is no showing that Beardsley, the grantee, so understood when he accepted the deed. The grantee only intended to purchase the equity of redemption. If from the wording of the deed itself, and the circumstances

surrounding it, both the grantor and the grantee understood that they were making a contract for the benefit of a third party, we believe that such a contract would be enforceable. But, from the circumstances in the case at bar, we are inclined to believe that the trial court adopted the theory that the wording of the clause itself, regardless of the intention of the parties at the time, was sufficient to establish the liability of the grantee. With this conclusion, we do not agree.

Having reached the conclusion as above set out, it becomes unnecessary to decide any other propositions presented by this appeal.

It, therefore, follows that the judgment of the trial court should be, and is hereby, reversed, with directions, to set aside the personal judgment against Dan Beardsley.

It being agreed by the parties that since the submission of this case Dan Beardsley has died, and that the opinion be filed as of date prior to April 1, 1928, it is therefore ordered that the clerk file this opinion as of March 30, 1928.

TEEHEE, REID, DIFFENDAFFER, and HERR, Commissioners, concur. LEACH and BENNETT, Commissioners, dissent.