**TOWN OF CYRIL, a municipal corporation, Plaintiff– Appellant,**

**v.**

**MOBIL OIL CORPORATION, a New York corporation; and Union Texas Petroleum Corporation, a Delaware corporation, Defendants–Appellees.**

No. 92–6373.

United States Court of Appeals, Tenth Circuit.

Dec. 14, 1993.

D. Craig Shew (Michael G. Smith, with him on the briefs), of Smith, Shew & Scrivner, P.C., Ada, OK, for plaintiff-appellant.

Gary W. Davis (Stephen L. Degiusti, with him on the brief), of Crowe & Dunlevy, Oklahoma City, OK, for defendant-appellee Mobil Oil Corp.

Kenneth N. McKinney (Robin F. Fields, with him on the brief), of McKinney, Stringer & Webster, P.C., Oklahoma City, OK, for defendant-appellee Union Texas Petroleum Corp.

Before LOGAN, SEYMOUR, and MOORE, Circuit Judges.

SEYMOUR, Circuit Judge.

The Town of Cyril, an Oklahoma municipality, brought this action against Mobil Oil Corporation and Union Texas Petroleum Corporation for contamination of the town's groundwater supply. The district court held the town's claims barred by the statute of limitations as a matter of law, and granted both defendants' motions for summary judgment. Town of Cyril appeals, and we reverse.

### I.

In 1923, the Town of Cyril began operating a municipal water supply and selling water to its citizens and neighboring residents. The source of the water was groundwater obtained from wells located approximately two miles north of the town. The town did not own the land, but had the right to withdraw the groundwater by virtue of leases or easements with individual landowners. Between 1923 and January 1991, the town used a total of ten water wells.[1]

In 1947, the town began to experience elevated chloride levels in its water wells and complained to the Oklahoma Planning and Resources Board (OPRB) that the wells were being polluted by saltwater from area oil and gas operations. The OPRB responded by requesting that oil companies voluntarily cease disposing of saltwater into earthen disposal pits.

By 1948, the town had to abandon two of its then existing three water wells due to chloride contamination. By 1952, a third well was abandoned for the same reason. The OPRB, along with other State agencies, investigated the problem and concluded that

the pollution was due to saltwater disposal by area oil and gas operators. The OPRB once again requested that operators cease surface disposal of saltwater. The town drilled additional wells just south of the abandoned wells. As of 1966, all five of the wells which the town was using were above natural chloride levels. By 1975, four of these wells were abandoned by the town. In 1981, the town began to withdraw water from a replacement well. By 1987, the town's water superintendent believed that the remaining two wells would have to be abandoned due to the chloride contamination, and obtained another new well. The chloride levels continued to increase in the older wells, and the new well was in danger of becoming contaminated.

On September 13, 1990, the town filed this diversity action in the United States District Court for the Western District of Oklahoma, seeking damages for the loss of its municipal water supply allegedly caused by Mobil Oil Corporation and Union Texas Petroleum Corporation.[2] The district court granted both defendants' motions for summary judgment, holding the town's claims barred by the statute of limitations. In making this determination, the court held that the town did not bring the suit in a sovereign capacity, and thus was not entitled to sovereign immunity from the statute of limitations.

### II.

The Oklahoma Supreme Court stated in *Oklahoma City Mun. Improvement Auth. v. HTB, Inc.,* 769 P.2d 131, 133 (Okla.1989), that statutes of limitation do not generally apply to a governmental entity if it is acting in its "sovereign capacity to vindicate public rights." In a decision handed down after the district court granted summary judgment in this action, the Oklahoma Supreme Court again reiterated that "the maxim *nullum tempus occurrit regi* (time does not run against the King) applies to municipal corporations as trustees of the rights of the public." *State ex rel. Shones v. Town of Canute,*

---

1. In February 1991, the Town of Cyril began purchasing water from a rural water district.

2. Citation Oil & Gas Corporation and Citation 1989 Investment Limited Partnership were also joined as defendants in the town's complaint, but were subsequently dismissed by the town.

858 P.2d 436, 439 (Okla.1993). In *Shones,* the court said that the statute of limitations would not bar officers of the Town of Canute from bringing an action for money damages against corrupt officials. *Id.* at 440.[3] The court then extended the doctrine further and held that resident taxpayers of the Town of Canute were not barred from bringing the action on behalf of the town when the town officials refused to do so. *Id.*

 *HTB* and *Shones* together make clear that a municipal corporation is entitled to avoid the bar of the statute of limitation if it sues in its "sovereign capacity" in an appropriate case. In determining in the present case whether the Town of Cyril is suing in its sovereign capacity, it is irrelevant that the "operation of a waterworks is a proprietary function ... the character of the plaintiff's function does not control." *HTB,* 769 P.2d at 134–35 (citations omitted). Instead, the focus should be upon the "ultimate right at issue." *Id.* at 134. The question is whether failing to enforce the right " 'affects public as distinguished from private enterprise.' " *Id.* at 135 (quoting *State ex. rel. Land Commissioners v. Hall,* 191 Okl. 257, 128 P.2d 838 (1942)).

In *HTB,* the plaintiffs brought an action for damages allegedly caused by "defendants' negligent design and construction of part of a municipal water system." 769 P.2d at 132. The Oklahoma Supreme Court stated that "[w]e find it inconceivable that the rights at issue could be anything but public rights. ... Water is fundamental to existence. This necessity entitles the general public to expect an adequate water supply. ..." *Id.* at 136.

Based on *HTB* and *Shones,* we are convinced the Oklahoma Supreme Court would hold that the Town of Cyril acted in a sovereign capacity to protect public rights in bringing this action for contamination of the municipal water supply. The statute of limitations therefore does not apply to bar the action.[4]

Accordingly, we REVERSE the judgment of the district court and REMAND for further proceedings.[5]

---

3. It is apparent that the municipality need not be suing as an agency of the state, as it did in *HTB,* in order to avoid the statute of limitations bar; no such agency existed in *Shones.*

4. Because we hold that the statute of limitations does not run against the Town of Cyril, we need

not address when the town's cause of action accrued or reach the other issues raised on appeal by the parties.

5. Defendant Mobil Oil Corporation's motion to file a supplemental brief is denied.