BEVA COMBS CHURCH and MAE WELLINGHAM v. LEE E. COMBS, CORA COMBS, and WILLARD HAWKINS, Administrator of JACOB S. COMBS, Appellant.—58 S. W. (2d) 467.

Division One, March 16, 1933.

*S. J.* and *G. C. Jones* for appellant.

336

*P. M. Marr* for respondents.

FERGUSON, C.—Suit for partition of eighty acres of land in Sullivan County. The plaintiffs, Beva Combs Church and Mae Wellingham and defendant, Lee E. Combs, are the children and all the heirs at law of Jacob S. Combs, deceased. Jacob S. Combs was married three times. The defendant, Lee E. Combs, is the only child born of the first marriage. The plaintiffs, Beva Combs Church and Mae Wellingham are the only children born of the second marriage.

The third marriage with the defendant, Cora Combs, occurred in 1911 and they lived together as husband and wife until the death of Jacob S. Combs June 14, 1928. No children were born of this marriage. The petition alleged that at the time of his death Jacob S. Combs "was the owner in fee simple and in possession of" 80 acres of land described and that "plaintiffs and defendant, Lee E. Combs, are each the owners of an undivided one-third interest in and to the above described real estate, subject to the dower and homestead rights to which the defendant Cora Combs is entitled in said lands." The petition prays, "that the interest of the said widow, the defendant Cora Combs be set off and that partition of said land be made between the parties according to their respective interests therein, and that the land be ordered sold," etc. The answer of the defendant Cora Combs is in two counts. The first count is to quiet title, alleging, in conventional manner, that the answering defendant is the owner in fee simple of the land described in the petition; that neither the plaintiffs nor defendant, Lee Combs "have any right, title, estate or interest in said real estate or any part thereof;" that any claim by them "in and to said real estate . . . casts a cloud on defendant's title;" and prays the court to adjudge the answering defendant to be the "sole . . . owner of the fee simple title." The second count alleges that defendant and Jacob S. Combs, her husband, "purchased" the real property described in the petition and paid therefor $8000; that it was agreed between them the real estate "should be conveyed" to them "jointly so that the title thereto would vest in them as an estate by the entirety;" that "by mistake, oversight or inadvertence on the part of Jacob S. Combs he failed and neglected to have said deed made to both as joint grantees" and "said deed was made to him as the sole grantee therein;" that said deed was thereupon filed and recorded; that thereafter Jacob S. Combs discovered "that the name of this defendant did not appear therein as a joint grantee with himself" whereupon he caused said deed to "be amended and corrected . . . by the notary who prepared the same" in the presence of and with "the consent and acquiescence" of the grantors "by writing the name of this defendant therein as a joint grantee with the said Jacob S. Combs;" that after such amendment was made the grantors acknowledged the amendment "to be their free act and deed but the notary did not indorse or write the same on said deed but adopted the former acknowledgment; that said deed, as corrected, was then delivered to Jacob S. Combs who caused same to be again recorded; that by the making of such amendment and redelivery of said deed title to the lands therein described "became vested as an estate by the entirety in this defendant and the said Jacob S. Combs and upon the death of the said Jacob S. Combs the full fee simple title thereto vested in this defendant." Further answering defendant asserts that by

causing the deed to be "corrected" and accepting and recording same Jacob S. Combs "adopted said deed in its altered and corrected form and elected to accept it as vesting title in this defendant and himself as an estate by the entirety" and thereby "he as well as all persons claiming under him became and were and still are estopped from repudiating said deed and are estopped, barred and precluded from claiming any title, estate or interest in said land." The second count then concludes with a prayer that the court "adjudge and decree that Jacob S. Combs and this defendant were seized of an estate by the entirety in said real estate and that upon the death of the said Jacob S. Combs this defendant, as his surviving widow, became vested of the fee simple title" and that plaintiffs and defendant, Lee E. Combs, "have no estate, title or interest in said real estate." Plaintiff's reply denies "that an estate by the entirety ever existed" as alleged in the answer. Upon the trial evidence was heard, which we hereinafter summarize, and the court made a finding and entered its judgment and decree that, "plaintiffs Beva Combs Church and Mae Wellingham and defendant Lee E. Combs have title to and are each entitled to an undivided one-third interest in and to" said real estate "subject only to the homestead and dower rights therein of the defendant, Cora Combs" and ordering and directing that said "homestead and dower be set off to the said Cora Combs" and that partition be made. Defendant Cora Combs appeals.

We must first determine the motion to dismiss the appeal filed herein by respondents upon the ground that appellant's original brief does not contain any assignment of errors and does not comply with our Rule 15 which requires that "the brief for appellant shall distinctly allege the errors committed by the trial court." Our Rule 16 provides that "if appellant in any civil case fails to comply with rules numbered 11, 12, 13 and 15, the court, when the cause is called for hearing, will dismiss the appeal . . . or, at the option of the respondent continue the cause at the cost of the party in default." As respondent's motion to dismiss the appeal points out appellant's original brief does not contain any formal, separate and specific assignment or statement of errors relied upon. After the filing of this motion to dismiss the appeal and after the time allowed by our rule for delivery of appellant's brief to respondent had expired, appellant filed herein and served a supplemental brief upon respondents, which is identical with her original brief except a page has been added therein containing under a heading "Assignments of Error" a statement of error alleged to have been committed by the trial court. Respondents then filed a motion to strike appellant's amended and supplemental brief from the files on the ground that same was filed out of time and was not filed in compliance with Rule 15. Upon hearing and argument both of respondent's motions were taken as submitted with the case. Disregarding the supplemental or amended

brief an examination of appellant's original brief clearly discloses that the sole error of which appellant complains is that under the evidence and the law applicable thereto the trial court erred in its finding and judgment that plaintiffs and defendant Lee E. Combs have title to the real estate involved and that appellant did not, upon the death of Jacob S. Combs, become vested with the fee simple title thereto. The record shows such to be the only assignment of error which appellant could make; her "Points and Authorities" and printed argument set out in the original brief are addressed to that single issue of error and appellant asks a reversal of the judgment on that ground alone. We think it must have been apparent to respondent, as it is to us, that though appellant did not so specify in precise language and by a formal statement separately set out under the heading "Assignments of Error," nevertheless the only error appellant can and does rely upon and complain of is that the finding, decree and judgment of the trial court is for the wrong party. Without being understood as waiving the requirements of Rule 15 we are, under the circumstances, constrained to follow Amick v. Empire Trust Co., 317 Mo. 157, 296 S. W. 798, and Collier v. Porter, 322 Mo. 697, 16 S. W. (2d) 49, and proceed to a determination of the case on the merits. Respondent's motions are overruled.

In making a statement of the facts of this case, as developed by the uncontroverted evidence, we not only set out what is shown by the evidence but in the course of the statement note the absence of proof tending to show certain facts or conditions upon the existence of which appellant's theory seems dependent. On the 13th day of April, 1917, and after the marriage of Combs and appellant, Combs purchased the eighty acres of land involved from James Crawford and Isadora Crawford, husband and wife. There is no evidence tending to show that appellant paid any part of the purchase price or was in any way a party to the purchase. The evidence does not disclose the circumstances immediately surrounding and attending the execution of the deed. A general warranty deed, in conventional form, was prepared by William Smith, a notary public, who was called as a witness by appellant, conveying the land from the Crawfords as grantors to Jacob S. Combs as grantee. The deed was duly executed and acknowledged by the Crawfords under date of April 13, 1917, the notary public, Smith, taking and certifying the acknowledgment. Smith then delivered the deed to the purchaser and grantee, Jacob S. Combs, who accepted same and three days thereafter personally filed same for record and it was thereupon duly recorded. Nothing to the contrary appearing in the evidence we infer that the notary public in the preparation of the deed acted as the agent of the parties and prepared same according to the directions given at the time. Neither the testimony of one of the grantors, Isadora

Crawford, who was called as a witness by appellant (James Crawford was deceased at time of the trial), nor that of the notary public, Smith, or any evidence in the case discloses what, if any, directions were given by Combs as to who was to be named as grantee in the deed or any other facts or circumstances in that respect and it must be inferred in view of the delivery of the deed to Combs, its acceptance and later recordation by him that it conformed to and correctly expressed the intention of the parties at the time and that it was prepared and executed in accordance with the directions at the time given. About a week after the deed was executed, and after it had been recorded, Combs took it to Smith, the notary public, and the following (quotations are made from the testimony of Smith) occurred: "Mr. Combs told me (Smith) he wanted Mrs. Combs' name in the deed, that he intended to have the deed made to both of them and requested that I put Mrs. Combs' name in the deed. I told him I couldn't do that without the consent of Mr. and Mrs. Crawford." Later Smith went alone to the Crawford home, exhibited the deed to the Crawfords, told them Combs wanted the deed "made to him and Mrs. Combs and asked their consent to insert her name" to which the Crawfords assented. Whereupon, in the presence of the Crawfords, Smith wrote: "and Cora Combs" in the deed following the name of the grantee, Jacob S. Combs, where same appeared. Smith did not endorse another certificate of acknowledgment upon the deed and in his testimony states "it was my understanding" that the original certificate of acknowledgment "would serve the purpose." Smith then returned the altered deed to Combs who placed it of record.

■ The title claimed by the children of Jacob S. Combs rests upon the deed as originally executed and delivered. Appellant's claim that she is vested with the fee simple title is based upon two propositions; (1) that the altered deed operated to convey an estate by the entirety, and (2) that the Combs children are estopped by the act of Combs, in causing such alteration to be made, from claiming title under the deed as originally executed, delivered, accepted and recorded by him. The original deed was fully and completely executed and so far as the evidence shows was in conformity with and correctly expressed the intention of the parties at the time. It was delivered to and accepted by the grantee, Jacob S. Combs, named therein, whereupon all the title, interest and estate of every kind whatsoever with which the Crawfords, the grantors, were vested passed to and vested in the grantee, Jacob S. Combs. If the subsequent alteration of the deed be taken and considered, as appellant refers to that action, as the execution of a second deed it conveyed nothing and as a deed of conveyance was wholly ineffectual for no title or interest whatsoever remained in the Crawfords which the so called second deed would operate to convey. ■ The return

or redelivery of the deed to the grantors did not divest Jacob S. Combs, the original grantee of or revest title in the grantors nor did the alteration operate to divest Combs of title and vest title in his wife or create an estate by the entirety. When a person has thus become the legal owner of real estate he cannot transfer it or divest himself of the title except in some of the forms prescribed by law. Citation of numerous authorities sustaining these general propositions is not necessary, but we quote from two well-recognized texts. ''When a deed has been properly executed and delivered it operates as a transfer of title. Its redelivery to the grantor or its cancellation cannot operate as a transfer of the title so conveyed. Where it has once become effective, it cannot be defeated by any act occurring afterward, unless it be by force of some condition contained in the deed itself. . . . The decided weight of authority is that the surrender of a deed, though not registered, will not operate to revest the grantor with the title.'' [1 Devlin on Real Estate (3 Ed.) pp. 521, 522.] ''Such an alteration even if made with the consent of both the grantor and grantee, and in the presence of both, cannot operate, it would seem, to divest the title vested by the delivery in the original grantee, and the fact that the grantor purports to make a second delivery after the alteration cannot well change the result. To divest one's title to land something more is necessary than a conveyance by his grantor to a third person. It has been said that if the original grantee himself procures the change to be made he cannot thereafter claim title in himself, but this is so, it is submitted, only in so far as the elements of an estoppel are present.'' [2 Tiffany on Real Property (2 Ed.) pp. 1603-4.]

Appellant's theory or claim of estoppel against the Combs children will be discussed later. We shall first consider appellant's contention that by the altered deed title was conveyed to her and an estate by the entirety created. To support this contention appellant assumes that the evidence shows mutual mistake in the execution of the original deed and that the alteration made was in effect the execution of a subsequent deed of correction to give effect to the original intention of the parties. It has been held: ''Where there is no fraud and the rights of third parties have not intervened, and equity could have reformed the deed it may be amended by a subsequent instrument so as to effectuate the intention of the parties.'' [18 C. J. 217; Reid v. Reid, 230 Ky. 835, 20 S. W. (2d) 1015.] If the alteration had not been made and appellant had resorted to a Court of Equity seeking to have the deed reformed and corrected, on the ground of mutual mistake, so as to have her name inserted therein as a joint grantee with her husband and an estate by the entirety declared we think it could not be seriously urged that the evidence in this case is sufficient to require or warrant such reformation by the decree of a Court of Equity. As we have pointed out

there is no substantial evidence in this record tending to show mutual mistake in the execution of the original deed. There is no evidence that appellant paid any part of the purchase price or had any part in the purchase of this land; no evidence of so much as an agreement or understanding at the time between appellant and her husband that the deed was to be made to them jointly; no evidence of mistake, inadvertence, oversight or violation of instructions on the part of the scrivener in the preparation of the deed; no evidence of an understanding between the grantors and Combs that the deed should be made to Combs and wife jointly or that Combs gave any instructions to that effect. The evidence strongly warrants the inference that the deed was executed in conformity with and pursuant to the intention and instructions of Combs at the time and that after the delivery, acceptance and recordation of the deed, he for some undisclosed reason, and the reason is wholly immaterial, decided, and desired, to have the title vested in him and his wife jointly as an estate by the entirety; but, under the circumstances, such purpose could not be effectuated by making the alteration in the deed though it was done with the consent of the parties.

■ Nor do we find that "the elements of estoppel are present." [See Tiffany on Real Property, supra.] There was no consideration, so far as the evidence shows, for the conveyance of an interest in the land to appellant. The attempt to do so, by making the alteration in the deed, was at most an attempt by Combs to make a gift of such interest to his wife, which was never effective. Appellant made no expenditures by way of improvements or otherwise nor was she induced to surrender or part with any legal rights or anything of value in reliance upon his act in causing the alteration to be made. If the change in the title attempted had resulted Combs by such act would not have benefited. As the deed was executed he was vested with an absolute title in fee simple. If the alteration was effective his fee-simple title would have been transformed into a conditional fee. The essential elements of equitable estoppel do not exist. Appellant is in no better position to set up an estoppel, under the facts of this case, than is a beneficiary under an invalid will by which the testator attempts to give or devise land to such beneficiary. The legal title vested in Combs upon delivery to and acceptance by him of the original deed and was so vested at the time of his death. In the absence of any showing that appellant was a party to the purchase of the land or paid any part of the purchase price or expended any money thereon or was induced to change her position to her detriment or part with some legal right or thing of value by virtue of and in reliance upon Combs' act in causing the alteration to be made no equitable estoppel arises to defeat the legal title which upon the death of Combs vested in his children and heirs subject to appellant's dower and homestead right.

The judgment and decree of the trial court is affirmed. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur, except *Hays, J.,* not voting, because not a member of the court at the time cause was submitted.