MARGARET CHRISTINE DODD v. MALCOLM TURNER and ROBERT LEE TURNER, as individuals and as executors of the last Will and Testament of DR. R. L. TURNER, THOMAS MITCHNER and FRANCIS PENNINGTON, Appellants.—156 S. W. (2d) 901.

Division Two, December 16, 1941.

*Tedrick & Tedrick* and *J. F. Woody* for appellants.

*David W. Hill* for respondent.

WESTHUES, C.—Plaintiff filed this an ejectment suit to obtain possession of about one hundred and sixty acres of land situated in Butler county, Missouri. The defendants filed an answer in which they asked the court to cancel a deed under which plaintiff claimed title. They also, by their answer, asked the court to try and determine title of the respective parties in and to the land described in plaintiff's petition. The trial court entered a judgment for plaintiff and defendants appealed.

Plaintiff and the defendants, Malcolm Turner and Robert Lee Turner, are children and the only heirs at law of Dr. R. L. Turner, deceased. The defendants, Malcolm Turner and Robert Lee Turner, were sued individually and as executors of the last will and testament of R. L. Turner, deceased. Thomas Mitchner and Francis Pennington were made defendants because they were occupying the land. Plaintiff claimed a fee simple title to the land under a deed executed by her father, dated September 20, 1921, and recorded January 6, 1940. R. L. Turner, by his last will and testament, devised one-third of the residue of his estate to each of the defendants, Malcolm and Robert Lee Turner, and the other one-third to the said defendants to be held in trust by them for plaintiff's benefit. Plaintiff was to receive the income from the property during her life and at her death the property was to descend to her children. In case plaintiff left no issue the property was to go to plaintiff's brothers. The defendants claim title to the land under the terms of the will of their father. Defendants in their answer further alleged:

"For another and further answer to said petition these defendants state and aver that whatever title, or right of possession plaintiff may have, other than as devisee under the will of Dr. R. L. Turner in or to the real estate described in her petition, arises by reason of a certain deed from Dr. R. L. Turner to her, dated September 20th, 1921, and recorded on the 6th day of January, 1940.

"Defendants state that said deed, while in her possession, was by plaintiff so materially altered, changed, mutilated and disfigured that it is now impossible, by an inspection thereof, to determine the

character of the estate, if any, intended to be, and which was conveyed to plaintiff by said Dr. R. L. Turner, and defendants say that, by reason of such alterations, changes, mutilations and disfigurements, thereof so made by plaintiff, as aforesaid, said deed is rendered void as a conveyance, and that no title is vested in plaintiff thereunder.''

The original deed was filed in this court. On the face thereof appear large spots of ink. One of these appears immediately after the grantee's name, Margaret Christine Turner. It was claimed that the words ''and the heirs of her body'' were blotted out by plaintiff so as to make the deed appear to convey to plaintiff an absolute fee when in fact the deed, as written, conveyed to plaintiff only a life estate with remainder to the heirs of her body. Plaintiff testified that the words ''and the heirs of her body'' did not appear in the deed; that ink was accidently spilled on the instrument. Plaintiff's husband, Virgil Dodd, corroborated plaintiff in her evidence. The plaintiff's mother, who had been divorced from the testator many years ago, testified that she saw this deed and had it in her possession before it bore any ink spots. She testified further that the words ''the heirs of her body'' did appear in the deed after the grantee's name; that the daughter on one occasion had told her she was going to fix the deed so she could borrow some money. The evidence revealed that plaintiff and her mother were not on friendly terms. The trial court by its decree found that plaintiff was, under the terms of the deed, ''the owner of a life estate only, with the remainder to the heirs of her body, in and to all the land described in the deed from R. L. Turner to the plaintiff, . . .'' To this judgment both plaintiff and defendants objected and excepted, but only the defendants appealed.

The trial court was evidently of the opinion that plaintiff had not intentionally mutilated the deed in question. The trial court found that by the deed the plaintiff only received a life estate; that the deed as written contained the clause ''and to the heirs of her body.'' This latter finding was in accordance with the contention of the defendants. As above stated, the original deed was filed in this court. It is a printed form of warranty deed with the blank spaces filled in handwriting. We found it extremely difficult to decipher what was written after the grantee's name. We were able to discern, with the aid of a magnifying glass, the words ''the'' and ''heirs,'' and two letters, ''b'' and ''o.'' Ink spots also appear in the habendum clause. Here too it appears that something had been written in handwriting.

Appellants contend that,

''Any material alteration of an instrument, after the execution thereof, intentionally caused directly or indirectly by the owner or holder thereof, or by one having a beneficial interest therein, without the consent of the party sought to be charged thereon, renders it void

as between such non-consenting parties and the person responsible for the alteration, and those claiming under him.''

That is the correct rule. Appellants cite 2 Am. Jurisprudence 601, as authority. In that same volume at page 609, sec. 17, we note the following:

''While the purpose or motive is of no importance in determining the effect of an alteration where there is an evident intention to change the instrument, yet it must be borne in mind that where no such intention is present, and the alteration is purely accidental, the instrument will not be invalidated, . . .''

''In such cases secondary evidence may be resorted to, to establish the paper, and a recovery had upon it as it was originally made.''

To the same effect see 3 C. J. S. 964, sec. 50. The trial court was therefore authorized to hear evidence and to consider secondary evidence to determine the true wording of the deed. Plaintiff and her husband testified that ink was accidently spilled on the deed. No witness testified to the contrary except plaintiff's mother. She testified that plaintiff had told her she was going to fix the deed so she could borrow some money. The appearance of the deed itself raises a suspicion that it was intentionally mutilated. If the ink was accidently spilled on the deed it was a coincidence that it defaced such portions of the deed as to cover up the words limiting plaintiff's title to a life estate. We are not convinced, however, that the trial court reached an erroneous conclusion. This is a typical case where this court is justified in deferring to the finding of the trial court. It was in a better position than we are to weigh the evidence.

The judgment of the trial court is therefore affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.