J. A. ROBB and Ethyl Robb, Appellants,

v.

N. W. ELECTRIC POWER COOP-
ERATIVE, Respondent.

.No. 45223.

Supreme Court of Missouri,
Division No. 2.

Jan. 14, 1957.

Robert F. Sevier, William E. Turnage, Liberty, for appellants.

Phil Hauck, Eugene E. Andereck, Russell N. Pickett, Pickett, Andereck & Hauck, Trenton, for respondent.

STOCKARD, Commissioner.

■ Appellants have appealed from an adverse judgment in their suit in equity to set aside and declare null and void a written instrument by which they conveyed to respondent a perpetual easement for a right-of-way for the construction, operation and maintenance of an electric transmission line over land which they own by the entirety. The trial court found the issues generally for respondent. "In cases wherein the judgment sought or rendered directly determines a title controversy involving an easement the appellate jurisdiction is in this court." Gibson v. Sharp, 364 Mo. 1007, 270 S.W.2d 721, 723.

■ Respondent contends that there is no appealable judgment, and we must first dispose of that question. Appellants' petition was in three counts. The first was in equity to set aside the easement, and the other two were actions at law for damages alleged to have resulted from acts of respondent in constructing and maintaining an electric transmission line on appellants' land. A separate trial was had on count I. Supreme Court Rule 3.29, 42 V.A.M.S., provides that when a separate trial of any claim is had "before the court without a jury," the court *may* order a separate judgment entered which shall be deemed a final judgment for the purposes of appeal, or the court may enter a separate interlocutory judgment and order it held in abeyance until other claims are determined, in which event appeal shall not lie until a complete judgment disposing of all claims is entered. The court had the discretion to order a separate judgment on the separate non-jury trial of this claim, and such separate judgment would be deemed a final judgment for the purposes of appeal. Pizzo v. Pizzo, 365 Mo. ——, 295 S.W.2d 377. The only thing lacking in this case is an express order for a separate judgment. The court did enter a separate judgment, and, under these circumstances, the entry of the separate judgment should be construed as an order for a separate judgment within the meaning of Supreme Court Rule 3.29. Pizzo v. Pizzo, supra. See also Mothershead v. Milfeld, 361 Mo. 704, 236 S.W.2d 343.

There is but little dispute concerning the facts. On January 22, 1951, appellants signed an instrument, which we shall refer to as an easement, in which respondent was named as grantee whereby they conveyed for consideration a right-of-way over land owned by them for the construction, operation and maintenance of an electric transmission line. The easement was signed by appellants in the presence of and at the request of Lois Harrison Davis, a representative of respondent. On the face of the easement, which was introduced in evidence by appellants, there appears the statutory form of an acknowledgment in which appellants purportedly acknowledged the instrument as their free act and deed before Richard W. Foster, a notary public. Appellants both testified without contradiction, and with no evidence to the contrary, that Davis was alone with them when they executed the easement; that

they never acknowledged its execution before a notary public; that they were not acquainted with, had never seen, and did not know a person by the name of Richard W. Foster. The easement was recorded September 21, 1951.

Respondent constructed the electric transmission line on the land of appellants with their knowledge, and at no time did they enter any protest or objection thereto until after construction was completed.

The evidence establishes that the acknowledgment was fraudulent in the respect that the appellants did not acknowledge to the notary public that they executed the instrument as their free act and deed. However, appellants do not deny the execution and delivery of the easement; in fact this is admitted. There is no question but that when they signed the easement and delivered it to the representative of respondent they intended thereby to grant to respondent the rights set forth by its terms. Appellant alleged certain misrepresentations on the part of respondent in pro uring the easement, but this issue was abandoned. Therefore, the issues in this lawsuit are reduced to the sole contention of appellants that the addition to the deed granting the easement of a fraudulent acknowledgment, which made it possible to record the instrument, constituted an alteration which voided the instrument and the rights thereby granted.

Appellants cite and rely on three cases: Carson v. Woods, Mo.Sup., 177 S.W. 623; Kempf v. Phillips Pipe Line Company, Mo. App., 61 S.W.2d 422; and Hardt v. Phillips Pipe Line Company, Mo.App., 85 S. W.2d 202. It is necessary to discuss these three cases in detail.

In Carson v. Woods, Rowena Woods had employed Bagby & Bagby as her agent to sell certain land, and the agent had, by oral agreement, contracted to sell the land to G. S. Davis and H. M. Davis, whom we shall refer to as the buyers. Mrs. Woods had no actual knowledge of this oral agreement. Although William Carson had knowledge of the agreement between Mrs. Woods' agent and the buyers, he and his father, G. H. Carson, prevailed upon Mrs. Woods to sign a memorandum of an agreement to sell the land to them. Shortly after this memorandum was signed the buyers learned of it, and they went to Mrs. Woods and explained to her the agreement between them and her agent. Mrs. Woods then executed a deed to the buyers for the land. While the buyers were with Mrs. Woods and were in the process of getting the deed signed, the Carsons tried to place their memorandum of agreement on record, but the recorder refused to record it. G. H. Carson then went to a notary public and without the knowledge or authority of Mrs. Woods signed the memorandum as a witness. The notary public then affixed the statutory acknowledgment and the Carsons had the memorandum recorded. Suit was brought by the Carsons for specific performance of the alleged contract as shown by the recorded memorandum agreement.

The court stated that the act of G. H. Carson in signing the memorandum as a witness was a material alteration which voided the agreement because this gave the holder thereof a right he would not have otherwise possessed, that is, he could acknowledge the same and thereby prove the execution thereof and have the memorandum spread of record as a cloud upon the title to the land therein described. After discussing at length the question of the effect of G. H. Carson signing the memorandum as a witness, and after reviewing cases from this and other jurisdictions, the court stated that the issue of an alteration of the agreement was not pleaded in the answer, and therefore the proof thereof "might not have been competent to defeat the contract as a matter of law." [177 S.W. 627.] The basis of the opinion was then stated to be that plaintiffs were "knocking at the portals of equity," and that "To gain an undue advantage for themselves and against these defendants [Mrs. Woods and the buyers],

they [the Carsons] did an unauthorized and to that extent a wrongful act. In order to cast a cloud upon plaintiffs' title [the court undoubtedly meant defendants' title] and to antedate of record the filing of the Davis deed, they mutilated and changed, without authority of the maker, the instrument of writing they are asking to enforce. This circumstance, when taken with the other facts of this case, ought to have defeated the specific performance of this contract in equity." We are in agreement with this reasoning and with this result.

The facts of the other two cases cited and relied on by appellants are in each case as follows: A representative of Phillips Pipe Line Company obtained from the plaintiffs a deed granting an easement for the construction of a pipe line across their lands. After the pipe line was constructed, plaintiffs sued in equity to set aside the easement because of misrepresentation in the procurement thereof and because of a contended material alteration of the instrument evidencing the easement. The evidence established that after the easement was signed by the plaintiffs and delivered to the pipe line company, there was affixed thereon a fraudulent acknowledgment in that the grantors never acknowledged the instruments as their free act and deed. In Kempf v. Phillips Pipe Line Company, supra [61 S.W.2d 424], the St. Louis Court of Appeals held that "On the authority of Carson v. Woods, Mo.Sup., 177 S.W. 623, we must rule that this was a material alteration of the instrument which affects its validity." In Hardt v. Phillips Pipe Line Company, supra, the same result was reached upon the authority of the Carson and Kempf cases. In both cases the deed was set aside and canceled.

As a general rule any material alteration of a written instrument made after its execution by a party claiming thereunder without the authority or consent of the other party or parties to the instrument invalidates the instrument in the hands of the party responsible for the alteration and his assignees as to all nonconsenting parties. 3 C.J.S., Alteration of Instruments, § 5; Dodd v. Turner, 348 Mo. 1090, 156 S.W.2d 901. "Missouri is one of the states which has an exceedingly strict rule as to the changing of instruments of writing." Carson v. Woods, Mo.Sup., 177 S.W. loc. cit. 626. See also 3 C.J.S., Alteration of Instruments, § 19, note 91; Highland Investment Co. v. Kansas City Computing Scales Co., 277 Mo. 365, 209 S.W. 895; Powell v. Banks, 146 Mo. 620, 48 S.W. 664; Kelly v. Thuey, 143 Mo. 422, 45 S.W. 300. However, appellants have attempted to apply the rule pertaining to the effect of an alteration of an executory agreement to the facts of this case which pertain to the alteration of an executed agreement. They undoubtedly were led to this erroneous position by the two St. Louis Court of Appeals cases cited above, because apparently that is what was done in those two cases.

Where the right is executory, and the instrument securing and evidencing it is materially altered by one having a beneficial interest therein, that instrument, as evidence of the right therein described, is destroyed, but where the instrument merely evidences an executed transaction and is a memorial of it, the rights which vested by virtue of that transaction in the person who then materially alters the instrument are not thereby destroyed or divested, although the material alteration may destroy the instrument as to any executory features therein. Thompson, Real Property, perm. ed. § 4243. As stated in 3 C.J.S., Alteration of Instruments, § 16 b, a change in a deed after execution and delivery, although made by the grantee and although material, will not deprive the grantee of his title or reinvest it in the grantor. See also Alexander v. Hickox, 34 Mo. 496, 86 Am.Dec. 118; Woods v. Hilderbrand, 46 Mo. 284, 2 Am. Rep. 513; Woods v. McCoy, 46 Mo. 297; Elsea v. Smith, 273 Mo. 396, 202 S.W. 1071; Church v. Combs, 332 Mo. 334, 58 S.W.2d 467; Moella v. Sherwood, 148 U.S. 21, 13 S.Ct. 426, 37 L.Ed. 350; Valley State Bank v. Dean, 97 Colo. 151, 47 P.2d 924; Waldron v. Waller, 65 W.Va. 605, 64 S.

E. 964, 32 L.R.A.,N.S., 284; Devlin, Real Estate, 3rd ed., §§ 460, 461a; Tiffany, Real Property, 3rd ed., § 989. Absent some circumstance requiring a different rule, which is not present in this case, it is the general rule that a deed takes effect upon delivery thereof. Eld v. Ellis, Mo.Sup., 235 S.W.2d 273; Ridenour v. Duncan, Mo. Sup., 291 S.W.2d 900. Except in certain limited situations (See Vol. I, Gill, Treatise on Real Property Law, Missouri, page 62), none of which are here applicable, an acknowledgment is not a requirement for the validity of a deed between the parties. Murphy v. Butler County, 352 Mo. 1082, 180 S.W.2d 732; State ex rel. and to Use of Crites v. Short, 351 Mo. 1013, 174 S. W.2d 821; Crites v. Crites, Mo.Sup., 225 S.W. 990; Elsea v. Smith, supra; Woolridge v. La Crosse Lumber Co., Mo.Sup., 236 S.W. 294, 19 A.L.R. 1068. Appellants signed the deed by which the easement was granted and delivered it to the agent of respondent, and at that time, as between the parties, there was transferred to and vested in respondent the interest in the land as specified by the language of the easement. The alteration occurred subsequent thereto, and whether or not it was a material alteration as that term is used in reference to changes in deeds, it did not operate to deprive respondent of the title so conveyed, and it did not operate to reinvest that title in appellants. Under the circumstances in this case, because of the unauthorized alteration in the easement subsequent to the execution and delivery thereof, whether or not material, appellants are not entitled in this suit in equity to set aside the transfer of title to respondent and to be reinvested with that title. Waldron v. Waller, supra. We are not now called upon to determine whether, by reason of such alteration, respondent would be precluded from maintaining any action on the instrument as to any executory provision therein, such as a covenant of title. See Woods v. Hilderbrand, supra.

In Carson v. Woods, supra, the altered instrument was executory. It was a memorandum of a contract to sell. By its execution and delivery no title in the land was conveyed. For this reason, and also because the real basis for the decision in that case was the application of the doctrine of "clean hands" to a person seeking to enforce an altered executory instrument, that case is distinguishable from and is not controlling of this case. In the two St. Louis Court of Appeals cases the alteration was made to executed instruments, but the court in each case applied the rule pertaining to the effect of an alteration of an executory instrument without any discussion or consideration of the difference in the two situations. Therefore, we do not consider these two opinions to be persuasive.

■■ There is no question but that the evidence establishes that the acknowledgment was fraudulent and void, and respondent was not entitled to have the instrument recorded. Although appellants are not entitled to have set aside the title and interest conveyed to respondent, under the circumstances here they are entitled to have the instrument removed from the records of the recorder of deeds. This being an equity case, we have the duty to review the record on appeal and to direct the entry of such judgment, having due regard to the controlling principles, as the trial court should have entered. Miller v. Coffeen, Mo.Sup., 280 S.W.2d 100. Therefore, the judgment of the trial court denying appellants any relief and dismissing count I of their petition is reversed, and the cause is remanded with directions that the trial court enter a judgment in accord with the views here expressed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.