Elva Earl McCOY and Martha May McCoy,
Appellants,

v.

N. W. ELECTRIC POWER COOPER-
ATIVE, Respondent.

No. 45222.

Supreme Court of Missouri,
Division No. 2.

Jan. 14, 1957.

Robert F. Sevier, William E. Turnage,
Liberty, for appellants.

Phil Hauck, Eugene E. Andereck, Rus-
sell N. Pickett, Pickett, Andereck & Hauck,
Trenton, for respondents.

STOCKARD, Commissioner.

Appellants have appealed from an ad-
verse judgment in their suit in equity to
set aside and declare null and void a writ-
ten instrument by which they conveyed to
respondent a perpetual easement for a
right-of-way for the construction, opera-
tion and maintenance of an electric trans-
mission line.

This is a companion case to Robb v. N.
W. Electric Power Cooperative, Mo., 297
S.W.2d 385. The two cases were tried
together, and only one transcript and one
set of briefs were filed in this court. Oth-
er than necessary differences pertaining to
names and the description of the land, with
one exception hereafter noted, the facts
of the two cases are identical, including
the circumstances of the execution and de-
livery of the unacknowledged deed and the
subsequent addition thereto of the fraud-
ulent acknowledgment. Reference is made
to the companion case for a statement
of the facts.

The one exception in the facts of this
and the companion case pertains to the

ownership of the land over which the easement was granted. In the companion case, the appellants owned the land by the entirety. In this case appellant Elva Earl McCoy was the owner of fee simple title to the land over which the easement was granted, and at the time of the execution and delivery of the easement, appellant Martha May McCoy, his wife, was the owner only of an inchoate dower therein. We are not concerned with her interest in the land subsequent to the enactment in 1955 of the new probate code. See Laws of Missouri 1955, p. 385 et seq., V.A.M.S. § 473.010 et seq. Elva Earl McCoy and Martha May McCoy signed the unacknowledged easement, and as in the companion case, there is no question but that when they did so they intended thereby to grant to respondent the rights set forth by its terms.

While ordinarily an unacknowledged deed is valid between the parties, see the cases cited in Robb v. N. W. Electric Cooperative, supra, there are several exceptions, one of which is that a married woman cannot release her inchoate dower except by joining with her husband in a deed properly acknowledged by her. Section 442.030 RSMo 1949, V.A.M.S.; First National Bank of Stronghurst, Illinois v. Kirby, 269 Mo. 285, 190 S.W. 597. See also Vol. I, Gill, Treatise on Real Property, Missouri, p. 62. While the unacknowledged deed from Elva Earl McCoy to respondent was valid between him and respondent it was insufficient to release the inchoate dower of Martha May McCoy (if under the circumstances of this case that was necessary, see Venable v. Wabash Western R. Co., 112 Mo. 103, 20 S.W. 493, 18 L.R.A. 68), and that is the only interest she had in the land against which the deed could operate.

For the reasons set forth in Robb v. N. W. Electric Cooperative, supra, Elva Earl McCoy is not entitled to have the title he conveyed to respondent set aside in this suit because of the subsequent al-teration of the easement by adding thereto a false acknowledgment, but Martha May McCoy is entitled to have that instrument declared to be ineffective as a release by her of her inchoate dower in the interest conveyed by her husband. In addition, for the reasons advanced in the companion case, the appellants are entitled to have the instrument stricken from the records of the recorder of deeds.

The judgment is reversed and the cause remanded with directions that the trial court enter a judgment in accord with the views here expressed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.